UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEUTSCHE BANK NATIONAL TRUST,
COMPANY, AS TRUSTEE FOR MORGAN
STANLEY MORTGAGE LOAN TRUST
2005-10

    Plaintiff,   No. 3:19-cv-00460 (VAB)(WIG)
       No. 3:19-cv-00461 (VAB)(WIG)
    v.

WALTER REDDY, III

    Defendant
_____

## RECOMMENDED RULING OF DISMISSAL

Defendant Walter Reddy, III, proceeding *pro se*, filed a Notice of Removal on March 27, 2019, of two Summary Process actions commenced by Deutsche Bank National Trust Company in the Connecticut Superior Court Housing Session of Norwalk, docket numbers NWH-CV-18-6004196-S and NWH-CV18-6004197-S. Both actions were removed to this Court on the same day and relate to the same property. The first state court action, identified by the parties as Summary Process Action I, addresses the "Main House" located at 16 Briar Oak Drive, Weston CT, 06883 docket number NWH-CV-18-6004196-S, and was removed to the District Court. *See Deutsche Bank National Trust Co. v. Reddy,* Case No. 3:19-CV-00461(VAB). A second state court action, Summary Process Action II, relates to an "In-Law Unit" located on the same Weston property, docket number NWH-CV18-6004197-S, and was removed simultaneously to the District Court. *See Deutsche Bank National Trust Co. v. Reddy,* Case No. 3:19-CV-00460 (VAB). In all other respects, the grounds for removal asserted by plaintiff are the same.

1

Now before the Court is defendant Walter Reddy's motions for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915. [3:19-CV-00460 (VAB) doc. #2, 3:19-CV-00460 (VAB) doc. #8].[1] For the reasons that follow, Plaintiff's motion is granted, but the Court recommends these cases be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

Applications to proceed *in forma pauperis* require a two-step process of review by the district court. *See Bey v. Syracuse Univ.*, 155 F.R.D. 413, 413 (N.D.N.Y. 1994). First, the Court must determine whether the litigant qualifies to proceed *in forma pauperis* based upon economic status. 28 U.S.C. §1915. Based upon review of the plaintiff's financial affidavit, the motion to proceed *in forma pauperis* is granted.

Second, the Court must determine whether the cause of action is frivolous, malicious, or without merit.  28 U.S.C. §1915(e)(2)(B). This Court "*shall dismiss* the case at any time if the court determines that…the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* (emphasis added). The term "frivolous" is not intended to be insulting or demeaning; it is a term of art that has a precise meaning. A claim is said to be frivolous if it does not have an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court, by using this term as required, does not intend to diminish what the plaintiff has experienced or its impact upon him.

---

[1] Plaintiff filed a "short form" application in *Deutsche Bank National Trust Co. v. Reddy,* 3:19-cv-0046 (VAB) that fails for the reasons stated in the Court's ruling dated April 2, 2019, in *Deutsche Bank National Trust Co. v. Reddy,* 3:19-cv-00460 (VAB). *See* Doc. #7. Both "short form" applications are identical. Rather than dismissing without prejudice this "short form" application, the Court takes judicial notice of plaintiff's amended Motion for Leave to Proceed In Forma Pauperis filed in 3:19-cv-00460 (VAB). [Doc. #8].

Federal courts are courts of limited jurisdiction. U.S. Const., Art. III. In order for this Court to exercise subject matter jurisdiction, either (1) the plaintiff must set forth a colorable claim arising under the U.S. Constitution or a federal statute, thus invoking this Court's federal question jurisdiction under 28 U.S.C. § 1331; or (2) there must be complete diversity of citizenship between the plaintiff and the defendant and the amount in controversy must exceed $75,000 under 28 U.S.C. § 1332. *See DaSilva v. Kinsho Int'l Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (identifying and discussing the two categories of subject matter jurisdiction). "If the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). Thus, where jurisdiction is lacking, dismissal is mandatory. *Lydonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *Manway Constr. Co. v. Housing Auth. of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983).

Deutsche Bank's Complaints in the state court actions state that the Bank became the record owner of the premises known as 16 Briar Oak Drive, Weston, CT 06883, as a result of a foreclosure action commenced under docket numbers NWH-CV18-6004196-S and NWH-CV18-6004197-S. [Doc. 1-1 ¶1]. The Bank alleges the defendants' right to occupy the premises terminated on November 5, 2018, a notice to quit the premises was served, and the date to quit the premises passed in November 2018. The Bank brings this summary process action against defendant Walter Reddy III, Scott Baker, Alexandra Benderoth, Jodi Emidy, Taylor Flack and various Doe defendants and makes a claim for immediate possession of the Weston premises. [Doc. #1-1]. For the following reasons, the Court does not have jurisdiction over Reddy's claims.

Unanimity Rule

> When removing a state case with multiple defendants, each defendant must independently consent to removal to federal court. *See Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012) ("Although we have not yet advised what form a consent to removal must take, we agree with the district court that the remaining defendants must independently express their consent to removal." (citations

omitted)). And the "[f]ailure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely." *Edelman v. Page*, 535 F. Supp. 2d 290, 293 (D. Conn. 2010) (Squatrito, J.).

Wells Fargo Bank, Nat'l Ass'n v. White, No. 3:18-CV-1606 (VAB), 2019 WL 2006003, at *2 (D. Conn. May 7, 2019). In addition to Reddy, the other defendants in the state court action are Scott Baker, Alexandra Benderoth, Jodi Emidy, Taylor Flack, John Doe I, John Doe II, Jane Doe I and Jane Doe II. [2] None of these defendants have joined in the removal of this case to federal court, or filed consent to removal. "Because this rule is strictly interpreted and enforced, "most courts have required some form of unambiguous written evidence of consent to the court in timely fashion." *Id. (quoting Burr ex rel. Burr. V. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006)). Mr. Reddy has not offered unambiguous or written evidence that defendants consent to this action.

Accordingly, this case should be dismissed and remanded because its removal is not in compliance with the unanimity rule. *See Edelman*, 535 F.Supp.2d at 292–93 (applying unanimity rule to remand case to state court); *Nat'l Waste Assocs., LLC v. TD Bank, N.A.*, No. 3:10–CV–289 (CSH), 2010 WL 1931031, at *2–3 (D. Conn. May 12, 2010) (same).

Federal Question Jurisdiction

This case is not a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under" federal law. *28 U.S.C. §1441(b)*. "The Supreme Court has 'long held that the presence or absence of federal-question jurisdiction is governed by the

---

[2] "The removing defendants bear the burden of establishing that removal is proper." *Drayton v. Riverbay Corp.*, No. 17-CV-5455 (JPO), 2017 WL 4857601, at *2 (S.D.N.Y. Oct. 26, 2017). Although "the general rule that all defendants must join in a notice of removal may be disregarded where, as here, the non-joining defendants are unknown." *Green v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citizenship of Doe defendants is disregarded for removal purposes).

'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.' " *Bank of Am. Nat. Ass'n v. Derisme*, 743 F. Supp. 2d 93, 102 (D. Conn. 2010) (quoting *Rivet v. Regions Bank of La.,* 522 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998) (internal quotation marks omitted)). Deutsche Bank's Complaints [doc. # 1–4] do not present any federal claims on its face. The only claim the Bank asserts is a state-law claim for summary process. Defendant Reddy's argument that that this case arises under federal law because

> plaintiff is not the actual plaintiff, that counsel bringing the Action does not represent the named plaintiff, that Deutsche Bank did not retain nor authorize the bringing of suit, whereupon the matter is a classic matter of original jurisdiction under the Fair Debt Collections Practices Act and the Truth in Lending Act

is incorrect. [Doc. #1 at 1].

> An anticipated federal law defense is not part of a properly pleaded complaint. *See Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). "[A] case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 14, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

*Id.* "[T]he fact that defendant[] may assert a federal … defense to plaintiff's state law property claim does not create federal-question jurisdiction to allow for removal of the case to this Court. Bank of New York v. Stacey, No. 3:16-CV-02051 (JAM), 2017 WL 384025, at *2 (D. Conn. Jan. 26, 2017).

Moreover, "[w]rongful eviction claims, whether for a temporary or final eviction, are state law claims over which this Court lacks subject matter jurisdiction." Allied Manor Rd. LLC v. Berrios, No. 17CV2277WKFRML, 2017 WL 5558650, at *1 (E.D.N.Y. Apr. 20, 2017), appeal dismissed, No. 17-1257, 2017 WL 8232189 (2d Cir. July 18, 2017), cert. denied, 138 S. Ct. 455, 199 L. Ed. 2d 348 (2017) (citing cases*); U.S. Bank, Nat'l Ass'n as Tr. for Bear Sterns*

5

*Asset Backed Sec. I Tr. 2006-AC1, Asset-Backed Certificates, Series 2006-AC1 v. Profeta*, No. 3:18-CV-1710 (CSH), 2019 WL 2185725, at *6 (D. Conn. Mar. 26, 2019) ("Absent diversity, removal based on state court eviction claims are properly remanded to state court in that they do not present a "federal question" for purposes of "federal question" jurisdiction.").

"Similarly, with respect to foreclosure judgments rendered in state court, 'it is well settled that judgments of foreclosure ... are fundamentally matters of state law.'" *Profeta,* 2019 WL 2185725, at *6 (quoting *Muong v. Fed. Nat'l Mortg. Ass'n*, No. 1:13-cv-06564 (KAM), 2013 WL 6667374, at *2 (E.D.N.Y. Dec. 16, 2013) (collecting cases)). To the extent that Reddy seeks to challenge the foreclosure judgment obtained by Plaintiff, "the Second Circuit has held that district courts lack jurisdiction over completed foreclosure actions, as well as collateral attacks upon them, on jurisdictional grounds based on the abstention doctrine set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 4113, 416 (1923)." *Id.* (citing *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("To the extent [a party] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [his] claim."); *see Gonzalez v. Deutsche Bank Nat. Tr. Co.*, 632 F. App'x 32, 34 (2d Cir. 2016) ("[I]nsofar as plaintiffs here (1) contend that Deutsche Bank (a) lacked standing to pursue their home's foreclosure in state court, … or (b) fraudulently obtained title to the home, ... or (2) seek to recover for injuries caused by the state judgment, their claims are barred because the validity of the foreclosure was already fully adjudicated in the state-court proceeding.") (summary order); *Rene v. Citibank NA*, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) ("The claims raised in the plaintiffs' Complaint implicate the propriety of the state judgment of foreclosure and eviction—the very issues apparently decided by the state court. Because the *Rooker–Feldman* doctrine compels a federal court to give full faith and credit to the judgments

of state courts, *see* 28 U.S.C. § 1738, this Court is without subject matter jurisdiction to hear this case.") Accordingly, Mr. Reddy cannot invoke the federal question jurisdiction of this Court.

<u>Diversity Jurisdiction</u>

Deutsche Bank's Complaints also do not satisfy the requirements of diversity jurisdiction. "For purposes of diversity jurisdiction and the removal statute, a person is considered a citizen of the State in which he or she was domiciled when the action was commenced." *Derisme*, 743 F. Supp. 2d at 103; *see* 28 U.S.C. §1441(b) ("Any other such action shall be removable *only if* none of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought."(emphasis added)). Here, defendant Reddy has admitted in the Notice of Removal that he is a citizen of Connecticut and the occupant of the subject property that the Bank foreclosed on and is trying to evict him from. [Doc. 1 at 1]. A state court action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought," 28 U.S.C. §1441(b)(2); *Profeta*, 2019 WL 2185725, at *5 ("[I]f <u>any</u> defendant is a citizen of Connecticut, the action may not be removed to the District of Connecticut." (emphasis added)). Accordingly, the action may not be removed to the District of Connecticut based on diversity.

For the reasons set forth above, the Court recommends that this matter be dismissed for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). This is a Recommended Ruling. *See* Fed. R. Civ. P. 72(b)(1). Any objection to this Recommended Ruling should be filed within 14 days after service. *See* Fed. R. Civ. P. 72(b)(2). Failure to timely object will preclude appellate review. *Impala v. United States Dep't of Justice*, 670 F. App'x 32, 32 (2d

7

Cir. 2016).

SO ORDERED, this 22nd day of October 2019 at Bridgeport, Connecticut.

                                        */s/ William I. Garfinkel*
                                        WILLIAM I. GARFINKEL
                                        United States Magistrate Judge